LOUIS J. PLATT, complainant-appellee,

*v.*

NORA H. CURRIE et al., defendants-appellants.

[Submitted October term, 1926.   Decided January 31st, 1927.]

It is well settled that parol testimony cannot be introduced to
vary, add to or alter a written instrument which in itself is clear
and free from doubt in the absence of fraud, surprise or mistake,
and where a written agreement is complete, its terms cannot be varied
or contradicted by parol evidence of a contemporaneous verbal under-
standing.

---

On appeal from a decree of the court of chancery.

*Mr. Egidio W. Mascia* (*Mr. Anthony R. Finelli,* of coun-
sel), for the appellants.

*Messrs. Osborne, Cornish & Scheck,* for the appellee.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from an order of the court of chancery,
directing that the answer filed by two of the defendants,
Frank Calabrese and Domenica Calabrese, his wife, be struck
out and the bill of complaint be taken as confessed against
them. The bill filed is one to foreclose a mortgage of $3,500
upon property in Cranford, Union county, and recites that

the bond and mortgage in question was made by Nora C. Currie and husband to Charlotte A. Hemphill on August 12th, 1924, and was assigned to the complainant on November 26th, 1924, and that the full amount of the principal and interest from August 12th, 1925, is due thereon.    It further states that the premises involved were conveyed to the defendant Frank Calabrese, by deed dated August 29th, 1924, and made subject to two mortgages, one held by the Fidelity Union Trust Company for $7,000, and the $3,500 mortgage now under foreclosure.    The bill also alleges that when the said bond and mortgage was assigned to the complainant, he agreed to extend the time of payment for a period of six months, the consideration therefor being a guaranty by the defendant Frank Calabrese of the payment of the full amount of the principal and interest.

The defendants Frank Calabrese and Domenica Calabrese filed an answer, in which none of the allegations contained in the bill are denied, and among other things they aver:

"They admit that the whole amount of the principal with interest thereon from August 12th, 1925, at the rate of six per cent. per annum, is due upon the said bond and mortgage, but that the complainant is only entitled to the sum of twenty-five hundred ($2,500) dollars and interest, and the sum of one thousand ($1,000) dollars and interest as aforesaid is due to these defendants."

The complainant, in accordance with section 4 of the Chancery act of 1915 (*P. L. 1915 p. 184*), gave notice of motion to strike out the answer, on the ground that it did not constitute a defense to the action, that it was sham and frivolous, and filed only for the purpose of delay, and "that paragraphs two and five of the answer are not only sham but also frivolous."    A plea cannot be both sham and frivolous, but either defect is fatal.    See *Sculthorpe* v. *Commonwealth Gas Co., 98 N. J. Law 845, 847*.

It appears from the pleadings and affidavits that the defendant Frank Calabrese does not dispute or question the bond and mortgage under foreclosure or the execution by him of the collateral bond guaranteeing the payment of the principal, amounting to $3,500, as well as the interest; and

he does not deny that the entire principal together with interest is now due, as alleged in the bill, but offers to show and asks the court to consider a parol agreement or understanding had with the complainant at the time of the execution of the guarantee, to the effect that the complainant would assign the said bond and mortgage to the defendant or his nominee upon the payment of $2,500 and interest. This evidence offered by the defendant was rightly rejected. He did not seek to prove any new or additional agreement other than the understanding had at the time he executed the guarantee, and no consideration for any such new and additional agreement is suggested.

The terms of a written instrument cannot be varied, qualified or contradicted by showing, as is sought to be done in this case, a contemporaneous verbal understanding that the complainant would accept $1,000 less than he was entitled to under the bond and mortgage as well as the guarantee.

It is well settled that parol testimony cannot be introduced to vary, add to or alter a written instrument, which in itself is clear and free from doubt, in the absence of fraud, surprise or mistake, and where a written agreement is complete, its terms cannot be varied or contradicted by parol evidence of a contemporaneous verbal understanding.

"Having deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking have been reduced to writing, and parol evidence is not permitted to vary or contradict the terms of such writing, or to substitute a new or different contract for it." *10 R. C. L. 1018.*

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.